

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas                    0-6398

Dear Sir:          Opinion No. 0-6398
                   Re:  Requirements of Article 5368,
                        V. A. C. S., relative to roy-
                        alty payments to State on lands
                        sold subject to the terms of the
                        Relinquishment Act.

          Reference is made to your request for an
opinion, which is as follows:

          "Article 5368, Revised Civil
Statutes, defines the royalties reserved
to the State on lands sold under the Re-
linquishment Act.

          "I would like to have your opinion
on the following question. Does the reser-
vation in Article 5368 contemplate the pay-
ment of royalty on all the oil and/or gas
produced, saved, sold, or used on a 100%
basis, or can the agent of the State execute
a lease, binding on the State, that provides
for the free use of oil or gas that is used
by the operator on the lease for development
of the lease or lease operations?"

          Article 5368, Vernon's Annotated Civil
Statutes, governs the terms of a lease on land sold
subject to the terms of the Relinquishment Act. It is
provided in Article 5368, in part, as follows:

          "No oil or gas rights shall be sold
or leased hereunder for less than ten cents

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bascom Giles - Page 2

per acre per year plus royalty. . . and in case of
production shall pay the State the undivided one-
sixteenth of the value of the oil and gas reserved
herein, and like amounts to the owner of the soil."

The Relinquishment Act was interpreted by the
Supreme Court in the case of Greene v. Robison, 8 S.W. (2)
655. Section 2 of the Act, which relates to your question
and codified as Article 5368, is interpreted in the court's
opinion on page 660 in this manner:

"We interpret the Act to fix a mini-
mum price of 10 cents per acre per annum and
the value of one-sixteenth of the gross pro-
duction free of cost to the State, for which
the State is willing to sell the oil and gas. . ."

The use of the term "the value of one-sixteenth
of the gross production free of cost. . ." as is used in the
case of Greene v. Robison, must be given the same meaning as
the term "free royalty" as is used in the 1931 Sales Act,
Article 5421C, V. A. C. S.

In the case of Winterman v. McDonald, 102 S. W.
(2) 167, Justice Sharp defines the term "free royalty" as
follows:

"The term 'free royalty' introduced
into this Act must mean that the interest re-
served to the state and minerals produced on
school lands sold under the terms of the Act
must not bear any expense of the production, sale
or delivery thereof."

It is our opinion that your question has been
answered by the Supreme Court of this State. We, therefore,
advise you that the statutes relating to this question require
that the State receive its share of the value of production
on a 100% basis, free from deductions of any kind or use of
any character. This is true whether the mineral reservation
in the lease be the minimum of 1/16th required by law or for
a larger amount reserved by the surface owner as agent of the
State. It follows that the surface owner as agent of the

Hon. Bascom Giles - Page 3


State may not enter into a lease contract providing for the payment of the State's interest in production on any other basis.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Jack W. Rowland
Assistant

JWR:BT

APPROVED APR 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY